IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO LOPEZ, SR.,<br><br>           Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | No. CV-F-07-1449 OWW<br>(No. CR-F-03-5204 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

    By Memorandum Decision and Order filed on June 9, 2009, Petitioner Guillermo Lopez, Sr.'s motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied on all grounds, except that the United States was ordered to file a response to Petitioner's claim that no search warrant was issued for the search of his residence and property for evidence of methamphetamine manufacturing on April 24, 2003.  The United States has filed a response and Petitioner has filed a reply thereto.  All briefing is now complete.

Petitioner claims he was denied the effective assistance of defense counsel by his failure to investigate "whether or not, there existed any authentic search warrants or any authentic criminal complaints issued by the State of California to search The Defendant's property/residence on April 22, and April 24, 2003, ... and whether or not such documents were issued by the Honorable Judge Linda McFadden of the Juvenile Court of Stanislaus County, in Modesto, California."  Petitioner asserts that he told defense counsel that Detective Nicholas refused to give a copy of the search warrant to Petitioner during the search of his residence on April 24, 2003 and that Petitioner was charged on April 28, 2003 by the Stanislaus County District Attorney's Office with controlled substance and firearms charges under the California Penal Code.  Petitioner contends:

> When Detective Nocholas [sic] entered The Defendant residence on April 24, 2003, he told The Defendant that he had a search warrant to search his property and his residence ... The Defendant asked Detective Nicholas to show him the warrant, he told The Defendant to sit down on the sofa, however, The Defendant again, asked Detective Nicholas to let him see his search warrant, then, Detective Nicholas became irriated [sic] and he handcuffed The Defendant and he then pushed The Defendant down onto the sofa, but, The Defendant still persisted with his request of Detective Nicholas to show him his search warrant, at that time, Detective Nicholas told The Defendant that he didn't need to show him a search warrant and that he was the police and that he can do whatever he wanted to do, he then told The Defendant to sit down and be quite [sic] and don't ask him anything about a search warrant anymore, and, he told The Defendant that I will show you the search warrant when I'am [sic] ready to.

|   |   |
|---|---|
| 1 | Subquently [sic], on April 28, 2003, The Defendant was charged by the State of California's District Attorney's Office, by Prosecutor <u>Archibald</u> with controlled substance and firearm charges under the California Code Sections .... |

The Defendant's first Court appearance in Stanislaus County Criminal Court, was made on April 28, 2003, before the Honorable Criminal Court Judge Nancy Ashley ... When <u>Prosecutor Archibald</u> presented his case to the Court, the Honorable Judge Nancy Ashley became highly upset with <u>Prosecutor Archibald</u> for failing to present to the Court any authentic criminal complaints, or any authentic affidavits in support thereof, or any authentic search warrants, authorizing a search of The Defendant's property/residence, however, reluctantly, The Honorable Judge Nancy Ashley gave <u>Prosecutor Archibald</u> until May 3, 2003 to produce the criminal complaints and the sworn affidavits in support thereof and the search warrants that was allegedly issued by The Honorable Judge Linda McFadden on April 22 ....

On May 5th, 2003, the Court ordered another Court appearance date for, May 12, 2003. A few days later, The Defendant's state lawyer, (Attorney McAllister), told The Defendant that the alleged <u>Criminal Complaint</u> and the <u>Sworn Affidavit</u> in support thereof, is not on file in The Honorable Judge Linda McFadden's Court and the alleged sworn affidavits and the search warrants that was provided to him by the California State Attorney's Office, was not stamped filed by the Court, and did not have a case number on them, and, they were not authentic, as such, they would not be filed into The Honorable Judge Nancy Ashley's Court, and therefore, the charges against The Defendant would be dismissed by the Court.

Just like The Defendant's State Lawyer (McAllister) told him The Defendant's State Court date was moved up to May 8, 2003, and the charges against him was dismissed ... Counsel told the Defendant that there was not going to be any trial because <u>Prosecutor</u>

> **<u>Archibald</u> did not have the non-existent, <u>Criminal Complaint</u>, nor a <u>Sworn Affidavit</u> in support thereof, nor did he have any search warrant.**

**Exhibit G to the Petitioner's motion is a copy of the minute order issued by the Stanislaus County Superior Court stating that the state action was dismissed "to be federally prosecuted."**

**Attached to the motion to suppress filed in this action is a copy of the affidavit in support of the search warrant executed and signed by Detective Robert Nicholas and subscribed and sworn to Judge McFadden on April 22, 2003 at 4:45 p.m. This search warrant authorized the search of Petitioner's property for "[t]he black 1989 Chevy pickup, with a cowboy decal in the rear window and tubular chrome steps and any other vehicles with altered or missing VIN numbers, VIN plates, license plates, federal certification labels and car parts that would show they were taken from stolen vehicles. Indicia to include keys, utility bills, receipts, and letters addressed to the occupants." The affidavit is signed by Detective Nicholas and was sworn before Judge McFadden on April 22, 2003 at 4:45 p.m. Also attached to the motion to suppress is a copy of the search warrant which is also signed by Judge McFadden on April 22, 2003 at 4:45 p.m. The return to the search warrant is signed by Detective Nicholas on April 28, 2003. However, the attached order permitting the evidence described in the return to be delivered to the custody of Turlock Police Services is not signed by a judge of the Stanislaus County Courts. Nonetheless, the record establishes**

4

1  that the April 22, 2003 search warrant was issued by Judge
2  McFadden.  To the extent Petitioner's motion asserts ineffective
3  assistance of counsel for failing to challenge the April 22, 2003
4  search warrant on the ground that it was fictitious and never
5  issued by a state court judge, it is without merit.
6      According to the Affidavit of AUSA Servatius in support of
7  the criminal complaint filed in this action, members of the
8  Stanislaus County Auto Theft Task Force (STANCAT) advised members
9  of the Modesto HIDTA Task Force, the Stanislaus Drug Enforcement
10 Agency, and Special Agent Sumner of the DEA that STANCAT had
11 observed chemicals and equipment consistent with use in making
12 methamphetamine while executing the April 22, 2003 search warrant
13 on April 24, 2003, of Petitioner's residence and property in
14 connection with STANCAT's ongoing auto theft investigation.  Ms.
15 Servatius avers that a second search warrant was then obtained
16 for the drug-related evidence on April 24, 2003 and the second
17 search occurred on that day.  The second search warrant was not
18 challenged by Petitioner on any grounds other than that it was
19 the fruit of the allegedly illegal first search.  No challenge
20 was made that the second search warrant was never issued by a
21 state court judge.  At the hearing on October 21, 2005 in
22 connection with Petitioner's motion to suppress the first search
23 warrant, Petitioner attempted to provide a handwritten document
24 to the Court:
25          THE COURT: All right.  Well, Mr. Lopez, I
            think, has another document that he wishes
26          for you to see.

5

|   |   |
|---|---|
| 1 | **THE DEFENDANT: (In English) For you, your Honor.  This is for you, your Honor, this document.** |
| 2 |   |
| 3 | **THE COURT: All right -** |
| 4 | **THE DEFENDANT: It's an explanation where that - (In Spanish) where the agents arrived at 5:20 in the afternoon to my house -** |
| 5 |   |
| 6 | **MR. HOMOLA: Your Honor, I would ask that -** |
| 7 | **THE DEFENDANT:  - without a search warrant.  Okay, your Honor, so I have the search warrant that they did come up with three hours after the search was done.  And it is not signed, your Honor.  I have it here, if you would like to look at it.  And I also have the one that was signed two days before.  The 24th of April, at 5:20 in the afternoon, the officers arrived at my home without a search warrant.  At the moment that they entered our home, they handcuffed us, they had guns drawn, and I asked them for a search warrant.  They told me they didn't need a search warrant.** |

**So three hours later, at 10:30 at nighttime, after they had searched throughout my home, they brought in a search warrant without signature, and I do have that search warrant with me.**

**After a month later, when we were brought here, a search warrant appears, the same one, that is signed and it is dated April 22nd.  My attorney, Mr. Homola, he says that that's legal to do that ... [¶] I showed this to Mr. Capozzi at first also, when he was my attorney, and all he did was scratch his head and say that what they did was legal.**

**(CT 5:11-6:25).**  The Court ordered Petitioner to provide a copy of his written statement to Mr. Homola for his review and investigation and continued the hearing on the motion to suppress, giving the parties the opportunity to file supplemental briefs if Mr. Homola believed that Petitioner's statement raised

6

additional grounds for suppression.  Petitioner's statement, Doc. 94 in the official file, states:

> [O]n the 24 of April appox. At 5:20 pm without any reason and without an order or a search warrant they entered and violating our rights ... The agents of the Police Department Turlock and Modesto after violating our legal rights at about 9:30 or 10:00 pm at night ... they brought me a search warrant without a signature of a judge and we got this order of the search warrant without the signature.

No supplemental briefs were filed.

In response to Petitioner's claim that no search warrant was issued to search his residence and property for evidence of methamphetamine manufacturing, the United States submits a copy of the Affidavit in Support of Application for Search Warrant, executed by Reserve Deputy Sheriff Hoek of the Stanislaus County Sheriff's Department before Judge McFadden of the Stanislaus County Superior Court on April 24, 2003 at 8:15 p.m.  The affidavit avers:

> On the afternoon of April 24th, 2003 agents of the Stanislaus Drug Enforcement (here after referred to a [sic] SDEA and the High Intensity Drug Trafficking Agency (here after referred to as HIDTA) were asked to assist members of the Stanislaus County Auto Theft Detail in serving a search warrant at 5824 Santa Fe Ave., Denair, California.  They had obtained a search warrant for the property to look for stolen autos and parts.
>
> Agent Perry of SDEA advised your affiant that when he cleared a shed to the rear of the residence he observed a plastic garbage container which had a whitish liquid which had the odor of alcohol in it.  Agent Perry advised that it was his opinion that it was part of pill extraction process.  Agent Perry

> is a recognized expert in clandestine lab investigations.
>
> Agent Corona of HIDTA advised your affiant that when he cleared the residence he saw in plain sight, filter papers with residue in the kitchen and what he believes to be finished methamphetamine on the kitchen counter. Agent Corona is a qualified clandestine lab expert.

The second search warrant authorizing the search of Petitioner's residence and property for items associated with the possession, sales, transportation and manufacturing of methamphetamine was issued and signed by Judge McFadden on April 24, 2003 at 8:20 p.m.

Petitioner replies that the copy of the second search warrant provided by the United States does not have the "Court seal" on any of the signature pages of the judge and does not have a Bates-stamp on any of the cover pages of these documents. Petitioner asserts that he:

> wrote a letter on August 14, 2007 to the Clerk of the Court of Sanislaus [sic] County Superior Court on August 14, 2007 requesting copies of the search warrant, and affidavit in support thereof. (Exhibit A) On October 9, 2007, the defendant was sent the documents requested. (Exhibit B) However, the Defendant was only sent the documents pursuant to the first search warrant initiated by Agent Nicholas. On three (3) separate occasions defendant's family visited the Clerk of Courts in Modesto to retrieve documents pursuant to the second search warrant. Each time they only found documents pertaining to the first search warrant.

Petitioner argues that the reason is that the second search warrant was never issued by a judge of the Stanislaus County

1  Superior Court.
2      Petitioner's contention is not supported by his exhibits.
3  Exhibit A to Petitioner's reply is a copy of a letter from
4  Petitioner dated August 14, 2007 to the Clerk of the Stanislaus
5  County Superior Court:

> I never received a copy of the <u>Search Warrant</u>
> nor the <u>Affidavit</u> in support thereof, that
> may have issued in this case.  Would you
> please be so kind and provide for me a copy
> of the <u>Search Warrant</u> and the <u>Affidavit</u> in
> support of the request for the <u>Search
> Warrant</u>?
>
> My lawyer told me that a <u>Search Warrant</u> in
> this case was issued on April 22nd, 2003, at
> 455 [sic] P.M. by this Court, by the
> Honorable Judge Linda A. McFadden.  The
> search warrant in question was said to have
> been issued pursuant to an Auto Theft
> Investigation by Detective Robert Nicholas fo
> the City of Turlock, California Police
> Services in the County of Stanislaus, of
> which, involved alleged violations of,
> <u>10752(a) C.V.C.</u> and <u>10801 C.V.C.</u>
>
> I have enclosed several Court Documents for
> the purposes of assisting you in identifying
> my case and enabling you to more effectively
> comply with my request.

Attached as Exhibit B to Petitioner's reply is a copy of an Order
issued by Judge Cordova of the Stanislaus County Superior Court
dated October 9, 2007:

> The Court is in receipt of Defendant's
> request for a copy of the complaint,
> affidavit in support of criminal complaint
> and search warrant in this matter.  Court
> records indicate this matter was dismissed on
> May 8, 2003.  Defendant has not made a
> showing of good cause for the Court to
> provide the documents to him free of charge.
>
> Defendant can obtain copies of the documents

|   |   |
|---|---|
| 1 | through the Clerk's office.  Cost is $.50 per page.  The requested documents consist of 18 pages. |
| 2 | |

Petitioner's exhibits demonstrate that he requested a copy of the first search warrant issued on April 22, 2003; his letter to the Clerk makes no mention that a second search warrant was issued on April 24, 2003 and he did not request a copy of the April 24, 2003 search warrant.  Petitioner presents no affidavit(s) from any member of his family that they went to the Stanislaus County Superior Court Clerk's Office to request a copy of the second search warrant issued on April 24, 2003 and were not provided with a copy.

Petitioner's contention that the absence of a court seal on the signature pages of the second search warrant and a Bates-stamp on the copy provided by the United States is evidence that the second search warrant was not issued is without merit. Petitioner cites no authority and the Court is aware of none that requires a court seal on a judge's signature that the affiant to a search warrant has subscribed and sworn before that judge or to the judge's signature authorizing the search warrant.  The absence of Bate-stamp numbers merely reflects that the copy provided by the United States in response to the Section 2255 motion is not a copy that was provided in discovery in the underlying criminal case.

Petitioner's claim of ineffective assistance of counsel because of counsel's alleged failure to investigate and raise the issue that a search warrant to search Petitioner's residence and

property for evidence of methamphetamine manufacturing is DENIED. The second search warrant was in fact issued by the Stanislaus County Superior Court judge. The only arguable challenge to the validity of the second search warrant was that it was the fruit of an illegal search. The Court ruled that the first search warrant was valid under the Fourth Amendment and the Ninth Circuit affirmed that ruling. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

For the reasons stated above and in the Memorandum Decision and Order filed on June 9, 2009:

1. Petitioner Guillermo Lopez, Sr.'s motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   July 13, 2009                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE